## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Anthony Michael Peaker, | Case No. 20-cv-1195 (NEB/LIB) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Stillwater Medical Group; Michael Adams, MD; Doctor Jensen (First Name Not Known); Mindy Liebel, RN; Casey, RN (Last Name Not Known); Lacey, RN (Last Name Not Known); Jordan, RN (Last Name Not Known); Washington County Sheriff's Department; Sheriff Dan Starry; Commander Roger Hienen; and John – Jane Does 1-10 (whose names, official positions and addresses are not yet known), | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff Anthony Michael Peaker's Application to Proceeds in forma pauperis (hereinafter "IFP"). [Docket No. 2].

In the present action, Plaintiff Anthony Michael Peaker alleges that the Defendants were deliberately indifferent to his medical needs while he was detained at the Washington County Jail. (Compl. [Docket No. 1]). In general, Plaintiff alleges that he was consistently denied his prescription medications which caused him extreme pain. (Id.).

Plaintiff did not pay the filing fee for this action. Instead, Plaintiff has sought leave to proceed in forma pauperis. (See, IFP Application [Docket No. 2]).

Because Plaintiff is a prisoner, the IFP Application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—
>
>> (A) the average monthly deposits to the prisoner's account; or
>>
>> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute—part of the Prison Litigation Reform Act of 1995 (PLRA)—prisoners who are granted IFP status are *not* excused from paying the court filing fee altogether, as is the case for nonprisoner IFP litigants. Instead, a prisoner who is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. See, Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the

inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Section 1915(b)(1) requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, if the prisoner IFP applicant is able, and § 1915(b)(2) requires that the remaining balance be paid in installments through regular deductions from the prisoner's trust account.

In the present case, Plaintiff's trust account statement shows that Plaintiff's institutional accounts have maintained a negative balance during his period of incarceration. (See, IFP Application [Docket No. 2]; Resident Transaction Details [Docket No. 4-1]). On the record now before the Court, the undersigned finds that Plaintiff has no assets and no means by which to pay an initial partial filing fee.

Therefore, upon review of Plaintiff's IFP Application, the Court finds that Plaintiff financially qualifies for in forma pauperis status. Pursuant to 28 U.S.C. § 1915, Plaintiff is excused from paying the initial partial filing fee. Plaintiff is still, however, required to pay the remainder of the filing fee in installments in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Although Plaintiff qualifies financially for IFP status, an action (or any part of an action) may be dismissed where an IFP applicant has failed to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B). Among the Defendants named to this action is the Washington County Sheriff's Department, which operates the Washington County Jail.

Sheriff's departments, however, are generally not considered legal entities amenable to suit. See, e.g., De La Garza v. Kandiyohi County Jail, 18 F. App'x 436, 437 (8th Cir. 2001) (per curiam) (citing Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)). A litigant may (as Plaintiff here has done) sue the individuals employed by the sheriff's department who are alleged to have committed the wrongdoing, or a litigant may sue the governmental entity responsible for the

sheriff's department, but the sheriff's department <u>itself</u> is not a legal entity amenable to suit. <u>Id.</u> Accordingly, it is recommended that the Washington County Sheriff's Department be dismissed from this action.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Defendant Washington County Sheriff's Department be **DISMISSED** from this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Further, upon review of Plaintiff's IFP Application and based on all of the files, records, and proceedings herein **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's Application to proceed in forma pauperis, [Docket No. 2], is **GRANTED**;
2. Plaintiff is excused from paying an initial partial filing fee;
3. Plaintiff's must pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Plaintiff is confined;
4. The Clerk of Court's office is to provide Plaintiff with Marshal Service Forms for all Defendants;
5. Plaintiff must submit a properly completed Marshal Service Form (Form USM-285) for each Defendant;
6. If Plaintiff does not complete and return the Marshal Service Forms within thirty (30) days of the date of this Order, it will be recommended that this matter be dismissed without prejudice for failure to prosecute;
7. After return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from each of the named Defendants consistent with Rule 4(d) of the Federal Rules of Civil Procedure; and

8. If a Defendant fails without good cause to sign and return a waiver with thirty (30) days of the date that the waiver is mailed, the Court may impose upon that Defendant the expense later incurred in effective service of process;

Dated: August 26, 2020                    s/Leo I. Brisbois
                                          Hon. Leo I. Brisbois
                                          United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).