UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Anthony Michael Peaker,

        Plaintiff,                      Court File No. 20-cv-1195 (NEB/LIB)

v.

**REPORT AND RECOMMENDATION**

Stillwater Medical Group, et al.

        Defendants.

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636, and upon the Washington County Defendants' Motion to Dismiss, [Docket No. 22], and the Stillwater Medical Defendants' Motion for Joinder of Defendants Stillwater Medical Group, Michael Adams, M.D., and Joel Jensen, M.D. to the Washington County Defendants' Motion to Dismiss, [Docket No. 28]. A Motions Hearing was held on February 4, 2021, and the Motions were taken under advisement thereafter. (Minute Entry [Docket No. 39]).

For the reasons set forth below, the Court recommends that the Washington County Defendants' Motion to Dismiss, [Docket No. 22], be **GRANTED** and the Stillwater Medical Defendants' Motion for Joinder of Defendants Stillwater Medical Group, Michael Adams, M.D., and Joel Jensen, M.D. to the Washington County Defendants' Motion to Dismiss, [Docket No. 28], be **GRANTED**.

I.   **BACKGROUND AND STATEMENT OF ALLEGED FACTS**[1]

Plaintiff, Anthony Michael Peaker, initiated the present case on May 18, 2020, by filing in this Court his pro se Complaint and his application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1). [Docket Nos. 1, 2]. In his Complaint, Plaintiff names as Defendants, in their private and professional capacities, the Stillwater Medical Group, Dr. Michael Adams, Doctor Jensen, RN Mindy Liebel, RN Casey, RN Lacey, RN Jordan, the Washington County Sheriff's Department, Sheriff Dan Starry, Commander Roger Hienen, and John-Jane Doe 1–10. (Compl. [Docket No. 1], at 1–2, 10).

Plaintiff alleges that he was detained at Washington County Jail as a pretrial detainee beginning on February 4, 2020. (Id. at 5). At that time, Plaintiff "first informed the booking officer about his medication's [sic] and the conditions the medications treat." (Id.). The booking officer informed Plaintiff that the jail had a policy of not giving inmates Gabapentin or Bupropian. (Id.). Defendant RN Casey later informed Plaintiff that Defendants Dr. Adams, Dr. Jensen, RN Liebel, and Commander Hienen were responsible for the policy not to give Gabapentin or Bupropian to inmates. (Id. at 8).

Shortly thereafter, Plaintiff signed medical authorizations, and his medical records from Trempealeau County Jail were provided to Washington County Jail. (Id. at 7). Those records indicated that Plaintiff had been prescribed Gabapentin and Bupropian prior to his release from Trempealeau County Jail on February 28, 2019. (Id.). Plaintiff alleges that "[a]t that time, Washington County's Jail Medical department became aware that plaintiff Peaker . . . obviously has a condition which makes the medications Gabapentin and Bupropian appropriate to dispense

---

[1] For the purposes of the present motion to dismiss under Rules 12(b)(6) and 12(c), the Court accepts the facts alleged in the complaint as true and construes them in the light most favorable to Plaintiff. See Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008).

while in Washington County Jail's Custody." (Id.). However, Plaintiff was not prescribed those requested medications at Washington County Jail. (Id.). Plaintiff was instructed to try treating his pain with Tylenol and ibuprofen. (Id.). Defendant Dr. Jensen told Plaintiff that Gabapentin "was listed on the State of Minnesota's prescription monitoring program as a medication of abuse and that for that reason it was not given to inmates." (Id.). Dr. Jensen prescribed Plaintiff additional Tylenol and ibuprofen. (Id.). However, Plaintiff asserts that Tylenol and ibuprofen were not effective at treating his pain. (Id.).

On March 10, 2020, Plaintiff filed a grievance because Washington County Jail medical staff would not prescribe him Gabapentin or Bupropian. (Id.). Defendant RN Liebel responded to Plaintiff's grievance by informing him that only a licensed prescriber could order him medications. (Id.). On March 11, 2020, Plaintiff appealed his grievance, and an unknown sergeant at Washington County Jail responded by informing Plaintiff that the unknown sergeant could not make the doctor prescribe Plaintiff Gabapentin. (Id. at 8).

On April 4, 2020, Plaintiff filed a grievance to Commander Hienen, who responded by informing Plaintiff that Dr. Jensen, who Plaintiff refers to as the jail doctor, was who made the decision not to prescribe Plaintiff with Gabapentin. (Id.; see also, Id. at 11). Subsequently, Dr. Jensen again informed Plaintiff "that Gabapentin would not be offered at the jail." (Id. at 8). Instead of Gabapentin, Plaintiff was prescribed Riboflaxin, and he was later prescribed Flexoril. (Id.). However, Plaintiff asserts that those prescription medications were not effective at treating his pain. (Id.).

Based on these alleged facts, Plaintiff asserts a deliberate indifference claim against Defendants under to 42 U.S.C. § 1983. (Id. at 6).

3

On August 26, 2020, this Court granted Plaintiff's IFP application and recommended that the Washington County Sheriff's Office be dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B). [Docket Nos. 6, 7]. And, on October 16, 2020, the Washington County Sheriff's Office was dismissed. (Order [Docket No. 20]).

II. **THE WASHINGTON COUNTY DEFENDANTS' MOTION TO DISMISS, [Docket No. 22], AND THE STILLWATER MEDICAL DEFENDANTS' MOTION FOR JOINDER OF DEFENDANTS STILLWATER MEDICAL GROUP, MICHAEL ADAMS, M.D., AND JOEL HENSEN, M.D. TO THE WASHINGTON COUNTY DEFENDANTS' MOTION TO DISMISS, [Docket No. 28].**

On October 26, 2020, Defendants RN Liebel, RN Casey, RN Lacey, RN Jordan, Sheriff Starry, and Commander Hienen (together, the "Washington County Defendants") filed their Motion to Dismiss. [Docket No. 22]. The Washington County Defendants seek an Order of this Court dismissing Plaintiff's Complaint pursuant to Rules of Civil Procedure 12(b)(6) and 12(c) because Plaintiff has failed to state a claim upon which relief can be granted.

On October 28, 2020, Defendants Stillwater Medical Group, Dr. Adams, and Dr. Jensen (together, the "Stillwater Medical Defendants") filed their Motion for Joinder of Defendants Stillwater Medical Group, Michael Adams, M.D., and Joel Jensen, M.D. to the Washington County Defendants' Motion to Dismiss. [Docket No. 28]. The Stillwater Medical Defendants seek to "join in the portion of the Washington County Defendants' Motion to Dismiss that seeks dismissal of Plaintiff's deliberate indifference claim." (Id.). A motions hearing was scheduled for January 11, 2021. (Am. Notice of Hearing on Mot. [Docket No. 30]).

On December 15, 2020, this Court set a briefing schedule which ordered Plaintiff to respond to Defendants' motions no later than January 12, 2021. (Order [Docket No. 34]). This Court noted that Plaintiff's address had recently changed, and this Court directed the Clerk of Court's office to send the relevant filings to Plaintiff's updated address. This Court also

4

rescheduled the motions hearing for February 4, 2021, to permit Plaintiff a reasonable time to respond to Defendants' motions. (Id.).

On February 4, 2021, the Court held a telephonic motions hearing on this matter. (Minute Entry [Docket No. 39]). Plaintiff did not appear at the motions hearing. (Id.). Nor did Plaintiff timely file any written brief in opposition to Defendants' motions. Therefore, on the present record, as Plaintiff has neither opposed Defendants' motions through written submissions nor through oral argument, Defendants' motions are completely unopposed.

### A. Standard of Review

To state a cause of action that will survive a Rule 12(b)(6) motion, a complaint must allege a set of facts, which, if proven true, would entitle the plaintiff to legal redress against the named defendants under an established legal theory. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). In short, "the complaint must allege facts, which if true, state a claim as a matter of law." Id. "[A] district court generally may not consider materials outside the pleadings. It may, however, consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'" Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008) (citations omitted). When deciding a Rule 12(b)(6) motion to dismiss, a court must accept all facts alleged in the complaint as true and construe all reasonable inferences from those facts in the light most favorable to the complainant. Id.; Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although

a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Ashcroft v. Iqbal, 556 U.S. 662, 555 (2009). When courts undertake the "context-specific task" of determining whether a plaintiff's allegations "nudge" its claims against a defendant "across the line from conceivable to plausible," they may disregard legal conclusions that are couched as factual allegations. See, Iqbal, 556 U.S. at 678–81. Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level," which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law . . . ." Ashley Cnty., Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009) (quotations and citations omitted). A motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a motion to dismiss pursuant to Rule 12(b)(6). Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009); see also, Haney v. Portfolio Recovery Assocs., L.L.C., 895 F.3d 974, 981 (8th Cir. 2016) (quotations omitted) ("We review a 12(c) motion under the standard that governs 12(b)(6) motions."). Therefore, the distinction between a motion pursuant to Rule 12(c) and a motion pursuant to 12(b)(6) is "purely formal." Hubbell v. Am. Accounts & Advisors, Inc., 13-cv-1157 (MJD/AJB), 2013 WL 5944264, *2 (D. Minn. Nov. 5, 2013).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers." Erikcon v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "[a]lthough pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); see also, Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

### B. Analysis

Plaintiff asserts a deliberate indifference claim against Defendants under 42 U.S.C. § 1983. (Compl. [Docket No. 1], at 6). Specifically, Plaintiff claims that Defendants were deliberately indifferent to his medical needs by not providing him with the medications Gabapentin and Bupropian.

Claims based on deliberate indifference to a serious medical need raise concerns under the Eighth Amendment's prohibition on cruel and unusual punishment. McCaster v. Clausen, 684 F.3d 740, 746 (8th Cir. 2012). If a detainee is a pretrial detainee, however, his deliberate indifference claim is properly analyzed as a Fourteenth Amendment due process claim. Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). The Eighth Circuit has repeatedly held that pretrial detainees are entitled to "at least as great protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott Cnty. Tail, 328 F.3d 1026, 1027 (8th Cir. 2003) (internal quotation marks omitted).

However, to plead the "deliberate indifference" necessary to sufficiently set forth an Eighth Amendment—or in the present case, Fourteenth Amendment—violation, a plaintiff must demonstrate (1) that he had an objectively severe medical need, and (2) that prison officials knew of, but deliberately disregarded, that need. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000). In alleging deliberate indifference, Plaintiff must demonstrate "more than negligence, more even than gross negligence . . . ." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

"Deliberate indifference is akin to criminal recklessness . . . ." Drake ex rel. Cotton v. Koss, 445 F.3d 1038, 1042 (8th Cir. 2006). "Specifically, the prisoner must show both (1) that a prison official had actual knowledge that the prisoner's medical condition created a substantial risk of serious harm to the prisoner's health, and (2) that the prison official failed to act reasonably to abate that risk." Baez v. Rosemack, No. 9-cv-2121 (RHK/LIB), 2011 WL 4062586, at *4 (D. Minn. Aug. 9, 2011) (citing Coleman v. Rahija, 114 F.3d 778, 785 (8th Cir. 1997)).

"The failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). "As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." Id. "The Eighth Amendment, while requiring medical treatment, does not require that the precise treatment requested be provided, nor does it require treatment at the time of the patient's choosing. Rather, it merely requires an absence of deliberate disregard." Senty-Haugen, 2005 WL 2917464, at *7 (citing Sherrer v. Stephens, 50 F.3d 496, 497 (8th Cir. 1994); Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996)); see also, Logan v. Clark, 119 F.3d 647, 650 (8th Cir. 1997) (holding that the fact that prison officials undertook some effort to remedy plaintiff's pain, "while perhaps not as extensive as those a private health-care provider might have taken, did not reflect deliberate indifference to [the plaintiff's] medical needs").

Here, for the reasons stated below, this Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and Plaintiffs' Complaint should be dismissed in its entirety.[2]

---

[2] The Court notes that the Washington County Defendants have not answered Plaintiff's Complaint. However, the Stillwater Medical Defendants answered Plaintiff's Complaint on October 2, 2020. [Docket No. 14]. Therefore, dismissal of Plaintiff's claims as asserted against the Washington County Defendants is appropriate under Rule

### 1. Claims against Defendants Stillwater Medical Group, RN Casey, RN Lacey, RN Jordan, and Sheriff Starry

"To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights." Jackson v. Nixon, 747 F.3d 537, 543 (8th Cir. 2014) (citing Iqbal, 556 U.S. at 676)). Thus, to survive Defendants' current motions to dismiss, Plaintiff in the present case must have alleged each individually named Defendant's personal involvement in the asserted violations with "more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." See, Twombly, 550 U.S. at 555.

Among others, Plaintiff has identified Stillwater Medical Group,[3] RN Casey, RN Lacey, RN Jordan, and Sheriff Starry as Defendants in the present action. (Compl. [Docket No. 1]). However, Plaintiff only generically alleges that: "Defendant Stillwater Medical Group participated in the 8th Amendment Civil Rights violation;" Defendants RN Casey, RN Lacey, and RN Jordan "had joint participation in the enforcement of a policy that violated plaintiff Peakers [sic] 8th Amendment Right against cruel and unusual punishment;" and "Sheriff Dan Starry is ultimately responsible for the actions of those under his command." (Id. at 6, 10). Plaintiff does not provide any factual allegations regarding these Defendants in support of his generalized, conclusory allegations of participation. Indeed, the only specific factual allegation regarding any of these Defendants is that, after being asked by Plaintiff who decided not to give him the requested medications, RN Casey informed Plaintiff that Defendants Dr. Adams, Dr. Jensen, RN Liebel, and

---

12(b)(6), and dismissal of Plaintiff's claim as asserted against the Stillwater Medical Defendants is appropriate under Rule 12(c). See, Fed. R. Civ. P. 12(b)(6), (c).

[3] For purposes of this Report and Recommendation, the Court assumes without deciding that the Stillwater Medical Defendants are state actors. See, Bevins v. Becker Cnty., Minn., No. 16-cv-4340 (NEB/BRT), 2019 WL 397322, at *5 (D. Minn. Jan. 31, 2019) ("Whether courts may consider a physician treating a patient on behalf of a jail to be a state actor depends on the particular factual circumstances of this case.").

Commander Hienen were responsible for the policy of not prescribing Gabapentin and Bupropian to inmates. (Id. at 8).

As already stated above, in order to state a claim upon which relief can be granted and withstand a Rule 12(b)(6) motion to dismiss or Rule 12(c) motion for judgment on the pleadings such as the ones presently before the Court, Plaintiff must make factual allegations in his Complaint that are sufficient to "raise a right to relief above the speculative level," which "requires more than labels and conclusions, and a formulistic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

With respect to Defendants Stillwater Medical Group, RN Casey, RN Lacey, RN Jordan, and Sheriff Starry, Plaintiff has failed to do so. Even liberally construing his Complaint, taking all facts alleged therein as true, and drawing all reasonable inferences in his favor, Plaintiff has made only vague and conclusory allegations unsupported by any specific facts and, as such, those allegations are insufficient to support Plaintiff's § 1983 claims against Stillwater Medical Group, RN Casey, RN Lacey, RN Jordan, and Sheriff Starry.

Similarly, Plaintiff's allegation that Sheriff Starry is vicariously liable as a supervisor for the actions of his subordinates fails to state a claim upon which relief can be granted. "'Supervisors . . . cannot be held vicariously liable under § 1983 for the actions of a subordinate.' 'To state a claim, the plaintiff must plead that the supervising official, through his own individual actions, has violated the Constitution.'" Beaulieu v. Ludeman, 690 F.3d 1017, 1030 (8th Cir. 2012) (alteration in original) (emphasis added) (citation omitted) (quoting L.L. Nelson Enters., Inc. v. Cnty. of St. Louis Mo., 673 F.3d 799, 810 (8th Cir. 2012)).

Accordingly, this Court recommends **dismissing without prejudice** Plaintiff's claims against Stillwater Medical Group, RN Casey, RN Lacey, RN Jordan, and Sheriff Starry in both

their private and professional capacities for failure to state a claim upon which relief can be granted.

### 2. Defendants Dr. Adams, Dr. Jensen, RN Liebel, and Commander Hienen

As already noted, to sufficiently plead a constitutional claim for deliberate indifference to a serious medical need, a plaintiff must demonstrate that (1) he had an objectively severe medical need, and (2) prison officials knew of, but deliberately disregarded, that need. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000). Here, for purposes of this Report and Recommendation, the Court assumes without deciding that Plaintiff had an objectively severe medical need due to his alleged pain. However, even liberally construing his Complaint, taking all facts alleged therein as true, and drawing all reasonable inferences in his favor, Plaintiff has failed to demonstrate that Dr. Adams, Dr. Jensen, RN Liebel, and/or Commander Hienen deliberately disregarded that need.

Plaintiff generically alleges that Defendants Dr. Adams, Dr. Jensen, RN Liebel, and Commander Hienen were responsible for and created the policy of not giving Gabapentin or Bupropian to inmates, and they "all shared joint participation in enforcing [the] policy." (Compl. [Docket No. 1], at 8–9). Plaintiff also asserts in a conclusory manner that "[t]he policy in and of itself shows a wanton disregard for every inmates [sic] medical condition and is deliberately indifferent to the inmate/patients [sic] overall pain and suffering." (Id. at 9). However, Plaintiff has not provided any factual allegations that plausibly demonstrate the policy itself is unconstitutional. Nor has Plaintiff provided any factual allegations that demonstrate Dr. Adams, Dr. Jensen, RN Liebel, and/or Commander Hienen were deliberately indifferent in enforcing the policy.

Plaintiff alleges that an unidentified "admin user" instructed him to try treating his pain with Tylenol and ibuprofen. (Id. at 7). Plaintiff was later examined and treated by Dr. Jensen.[4] (Id.). Dr. Jensen prescribed Plaintiff additional Tylenol and ibuprofen, and he told Plaintiff that "Gabapentin was listed on the State of Minnesota's prescription monitoring program as a medication of abuse and that for that reason it was not given to inmates." (Id.). Subsequently, Dr. Jensen continued to provide Plaintiff with medical treatment. (Id. at 8). In response to Plaintiff's continued complaints of pain, Dr. Jensen prescribed Plaintiff with Riboflaxin. (Id.). And after Plaintiff reported Riboflaxin did not alleviate his pain, Dr. Jensen prescribed Flexoril. (Id.). However, Plaintiff asserts that the medications prescribed by Dr. Jensen did not effectively treat his symptoms, and Plaintiff contends Dr. Jensen was deliberately indifferent by refusing to prescribe the specific medications that Plaintiff requested.

A prisoner cannot maintain a deliberate indifference claim simply because he disagrees with his medical treatment. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting Estate of Rosenberg, 56 F.3d at 37) ("[M]ere disagreement with treatment decisions does not rise to the level of a constitutional violation"); see also, Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (prisoner's Eighth Amendment claims were properly dismissed on summary judgment because they were based on "nothing more than mere disagreement with the course of his medical treatment"). As the Eighth Circuit explained in Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996):

> [N]othing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988). Prisoners do not have a constitutional right to any particular type of treatment. See Id. at 327-28. Prison officials do not violate the Eighth Amendment when, in the

---

[4] Plaintiff generically asserts that Dr. Jensen's examination was inadequate. (Id.). However, Plaintiff does not support his conclusory assertion with any factual allegations that plausibly indicate Dr. Jensen examined Plaintiff negligently, much less in a manner akin to criminal recklessness as required for deliberate indifference. (See, Id.); see also, Estate of Rosenberg, 56 F.3d at 37 (noting that deliberate indifference requires "more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation"); Drake, 445 F.3d at 1042 ("Deliberate indifference is akin to criminal recklessness . . . .").

exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment. Taylor v. Turner, 884 F.2d 1088, 1090 (8th Cir. 1989); Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994).

Long, 86 F.3d at 765.

Here, Plaintiff does not allege that Dr. Jensen denied him medical treatment. To the contrary, Plaintiff acknowledges that Dr. Jensen provided him with ongoing medical treatment, but Plaintiff disagrees with Dr. Jensen's decision not to prescribe him Gabapentin or Bupropian. As already set forth, "[d]eliberate indifference is akin to criminal recklessness." Drake, 445 F.3d at 1042. While Plaintiff may disagree with Dr. Jensen's decision, nothing in Plaintiff's Complaint plausibly demonstrates that Dr. Jensen acted with a culpability akin to criminal recklessness. Plaintiff's mere disagreement does not constitute a deliberate disregard of his medical needs as a prisoner has no right to the precise treatment of his choosing. See, Jolly, 205 F.3d at 1096; Logan, 119 F.3d at 650; Long, 86 F.3d at 765.

In reference to Commander Hienen, Plaintiff alleges that Commander Hienen responded to a grievance filed by Plaintiff, and Commander Hienen informed Plaintiff that it was Dr. Jensen who had made the decision not to prescribe Plaintiff with Gabapentin. (Compl. [Docket No. 1], at 8). "A prison official may rely on a medical professional's opinion if such reliance is reasonable." Taylor v. Stearns Cnty. Jail, No. 16-3573 (JRT/ECW), 2019 WL 959721, at *6 (D. Minn. Feb. 27, 2019) (quoting McRaven v. Sanders, 577 F.3d 974, 981 (8th Cir. 2009)); see also, Holden v. Hirner, 663 F.3d 336, 343 (8th Cir. 2011) ("Prison officials lacking medical expertise are entitled to rely on the opinions of medical staff . . . ."). Even in drawing all reasonable inferences in his favor, nothing in Plaintiff's Complaint demonstrates that Commander Hienen acted unreasonably in relying on Dr. Jenson's treatment decision regarding prescription medications, much less with a culpability akin to criminal recklessness as required for deliberate indifference. See, Drake, 445

13

F.3d at 1042. Therefore, Plaintiff has not plausibly alleged that Commander Hienen acted with deliberate indifference to Plaintiff's medical needs. See, Holden, 663 F.3d at 343; Taylor, 2019 WL 959721, at *6.

In reference to RN Liebel, Plaintiff alleges that RN Liebel responded to a grievance filed by Plaintiff, and RN Liebel informed Plaintiff that he was "being treated by multiple providers who prescribe what they deem necessary." (Compl. [Docket No. 1], at 7). RN Liebel further informed Plaintiff that "[o]nly a licensed prescriber can order meds and if they don't order [the requested medication] no one else can change that." (Id.). Plaintiff does not allege in his Complaint that RN Liebel was a licensed prescriber who could order Plaintiff the requested medications. More importantly, as already noted, "[d]eliberate indifference is akin to criminal recklessness." Drake, 445 F.3d at 1042. Plaintiff does not allege any facts from which it can plausibly be inferred that RN Liebel's reliance on Dr. Jensen's decision not to prescribe Plaintiff Gabapentin or Bupropian was negligent, much less akin to criminal recklessness. Once again, Plaintiff does not allege he was denied medical treatment, he merely disagrees with the treatment he received. Accordingly, Plaintiff has not plausibly alleged that RN Liebel acted with deliberate indifference to Plaintiff's medical needs. See, Id.; Jolly, 205 F.3d at 1096; Logan, 119 F.3d at 650; Long, 86 F.3d at 765.

Lastly, in reference to Dr. Adams, Plaintiff merely alleges that Dr. Adams was one of the Defendants responsible for creating the policy of not giving Gabapentin or Bupropian to inmates, and Dr. Adams participated in enforcing the policy. (Compl. [Docket No. 1], at 8–9). Notwithstanding the fact that Plaintiff's allegations of personal involvement by Dr. Adams are wholly conclusory, Plaintiff has failed to plausibly demonstrate that the policy or its enforcement was unconstitutional. As explained above, Plaintiff received medical treatment, he did not have a

14

right to the precise treatment of his choosing, and he cannot maintain a deliberate indifference claim simply because he disagrees with the specific type of medical treatment that he received. See, e.g., Jolly, 205 F.3d at 1096; Logan, 119 F.3d at 650; Dulany, 132 F.3d at 1239; Long, 86 F.3d at 765. Thus, Plaintiff has not plausibly alleged that Dr. Adams acted with deliberate indifference to Plaintiff's medical needs.

Therefore, this Court recommends dismissing without prejudice Plaintiff's claims against Defendants Dr. Adams, Dr. Jensen, RN Liebel, and Commander Hienen in both their private and professional capacities for failure to state a claim upon which relief can be granted.

### III.  CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Washington County Defendants' Motion to Dismiss, [Docket No. 22], be **GRANTED**;

2. The Stillwater Medical Defendants' Motion for Joinder of Defendants Stillwater Medical Group, Michael Adams, M.D., and Joel Jensen, M.D. to the Washington County Defendants' Motion to Dismiss, [Docket No. 28], be **GRANTED**; and

3. Plaintiff's Complaint, in its entirety, be **DISMISSED without prejudice**.

Dated: March 22, 2021                                            s/Leo I. Brisbois
                                                                 Leo I. Brisbois
                                                                 United States Magistrate Judge

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).